J-S10015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NATHANIEL BROOKS, JR. | |
| Appellant | No. 1783 EDA 2015 |

Appeal from the Judgment of Sentence June 4, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003577-2014

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:               **FILED JANUARY 22, 2016**

Appellant, Nathaniel Brooks, Jr., appeals from the judgment of sentence entered in the Chester County Court of Common Pleas, following his jury trial convictions of indecent exposure and open lewdness.[1]  We affirm and grant counsel's petition to withdraw.

On August 23, 2014, Thérèse McElwee entered the Paoli Public Library. As she sat down at a table, she made eye contact with Appellant and smiled. After a short time, Ms. McElwee noticed Appellant looked at her as he moved to a computer station closer to her table.  Ms. McElwee looked up from her work and saw Appellant partially unclothed, with his genitalia exposed as he

_____

[1] 18 Pa.C.S.A. §§ 3127(a) and 5901, respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

masturbated. Ms. McElwee immediately gathered her belongings and moved from her seat to report the incident. As she stood, Appellant said "I'll go, I'll go" and left the library.

Ms. McElwee reported the incident to a librarian on duty. Ms. McElwee and the librarian left the library to see if Appellant was still nearby. The women did not see Appellant outside of the building; instead they encountered Officer Jackson, who was investigating a separate incident. Officer Jackson relayed a description of Appellant over the police radio to other officers in the area. While patrolling nearby at the Paoli train station, Officer Gasparo noticed a man who matched Appellant's description. Officer Gasparo notified Officer Jackson, who drove by the train station with Ms. McElwee in his patrol vehicle. Ms. McElwee positively identified Appellant as the man who exposed himself to her in the library.

Meanwhile, Appellant told Officer Gasparo that Appellant had been at the Paoli Public Library earlier in the day. Appellant stated a woman flirted with him while he was there and asked him to expose himself. Appellant admitted he touched himself to please the woman. Officer Gasparo arrested Appellant and took him to the police station, where Appellant gave another verbal account of the incident consistent with his first statement. Appellant gave a written statement that differed from his verbal statements. In his written statement, Appellant said a woman approached him and asked him to expose himself, but he immediately left the library without doing so.

Prior to trial, Appellant filed multiple *pro se* motions, which were forwarded to Appellant's appointed counsel. Appellant waived his right to counsel before trial, and his attorney acted as standby counsel during the proceedings. Following trial on June 4, 2015, a jury convicted Appellant of indecent exposure and open lewdness. Sentencing occurred immediately. Appellant requested the court to appoint counsel for sentencing and appeal, which the court did. The court then sentenced Appellant to nine (9) to twenty-three (23) months' incarceration for the indecent exposure conviction. The open lewdness conviction merged with indecent exposure for purposes of sentencing, so the court did not impose further punishment. Appellant submitted various *pro se* motions/filings between June 4, 2015, and June 10, 2015, which the court resolved. None of the post-sentence filings challenged the discretionary aspects of sentencing.

Appellant filed a *pro se* notice of appeal on June 11, 2015. The court held a **Grazier**[2] hearing on June 24, 2015, at which time Appellant decided to continue the appeal process with the assistance of counsel. The court therefore denied as moot Appellant's outstanding motion to appeal *pro se*. On June 29, 2015, the court ordered counsel to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On July 15, 2015, appellate counsel requested an extension to file the Rule 1925(b)

---

[2] **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998).

statement, which the court granted. On August 17, 2015, counsel ultimately filed a Rule 1925(c)(4) statement of intent to file a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). Counsel filed her petition with this Court on October 5, 2015, to withdraw as counsel.

As a preliminary matter, we address counsel's petition to withdraw her representation, pursuant to *Anders, supra* and *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009). *Anders* and *Santiago* require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. *Santiago, supra* at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super. 2007). In *Santiago, supra*, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither *Anders* nor *McClendon* requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under *Anders* are

- 4 -

references to anything in the record that might arguably support the appeal.

\* \* \*

Under **Anders,** the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, appellate counsel filed a petition to withdraw representation. The petition states counsel fully reviewed the record and concluded the appeal would be wholly frivolous. In her **Anders** brief, counsel provides a summary of the procedural history of the case. Counsel refers to evidence in the record that may arguably support the issues raised on appeal, provides citations to relevant law, and states counsel's reasons for her conclusion that the appeal is wholly frivolous. Counsel indicates she notified Appellant of the withdrawal request. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to proceed *pro se* or with new privately retained counsel to raise any points Appellant deems

necessary. Therefore, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

Appellant has filed neither a *pro se* brief nor a counseled brief with new privately retained counsel, so we review this appeal on the basis of the issues raised in the **Anders** brief:

> WAS THE JURY'S VERDICT FINDING APPELLANT GUILTY OF INDECENT EXPOSURE PURSUANT TO 18 PA.C.S.A. § 3127(A) AND OPEN LEWDNESS PURSUANT TO 18 PA.C.S.A. § 5901 AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE PRESENTED BY THE COMMONWEALTH?
>
> DID THE TRIAL COURT ABUSE ITS DISCRETION SENTENCING APPELLANT TO NINE TO TWENTY-THREE MONTHS' INCARCERATION FOR INDECENT EXPOSURE, 18 PA.C.S.A. § 3127(A)?

(**Anders** Brief at 3).[3]

Appellant first argues nudity on its own is not a lewd act as set forth in the open lewdness statute. Appellant contends the jury's questions regarding whether masturbation was an essential element of a lewd act indicated the jury was not convinced Appellant masturbated in the library. Appellant maintains the jury's questions indicated their doubt that the facts presented were adequate to return a guilty verdict on the charge of open

---

[3] Notwithstanding the phrasing of Appellant's first issue, his argument as presented challenges only the sufficiency of the evidence, not the weight of the evidence. **See, e.g., Commonwealth v. Smith**, 853 A.2d 1020 (Pa.Super. 2004) (explaining remedy for challenges to sufficiency of evidence is judgment of acquittal; remedy for challenges to weight of evidence is new trial).

lewdness. Appellant concludes the Commonwealth offered insufficient evidence at trial to convict Appellant of open lewdness.[4] We disagree.

With respect to a sufficiency of the evidence challenge:

> The standard we apply…is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

The Crimes Code defines open lewdness as follows:

**§ 5901. Open lewdness.**

---

[4] Appellant makes no challenge to the sufficiency of the evidence supporting his conviction for indecent exposure.

> A person commits a misdemeanor of the third degree if he does any lewd act which he knows is likely to be observed by others who would be affronted or alarmed.

18 Pa.C.S.A. § 5901.

Instantly, the Commonwealth presented the testimony of Ms. McElwee, Officer Gasparo, and Officer Jackson at trial. Ms. McElwee testified that she made eye contact with Appellant before she sat down at a table in the Paoli Public Library. Ms. McElwee indicated she looked up from her work and saw Appellant masturbating, with his genitalia fully exposed. Ms. McElwee stated she was shocked by Appellant's conduct and immediately reported it to a librarian on duty and then to the police.

Officer Jackson broadcast the description of Appellant over the police radio. Officer Gasparo indicated he was at the train station and had just spoken to Appellant, who matched the description of the man in the library. Officer Jackson drove by the station with Ms. McElwee, and Ms. McElwee positively identified Appellant as the man who exposed himself in the library. Officer Gasparo testified he spoke to Appellant, and Appellant admitted he had exposed himself at the library after a woman asked him to do so.

Appellant exposed himself to Ms. McElwee in a public library. The trial evidence indicates Appellant was looking at Ms. McElwee as he masturbated and said, "I'll go, I'll go" when she reacted with shock. Prior to his arrest, Appellant admitted he had exposed himself in the public library. The Commonwealth's evidence showed Appellant displayed his genitals in a

public setting to the shock and alarm of another library patron. Consequently, the evidence was sufficient to sustain Appellant's conviction for open lewdness.  **See Jones, supra**.

In his next issue, Appellant complains his sentence for the offense of indecent exposure is excessive.  Specifically, Appellant asserts his sentence of nine to twenty-three months' incarceration was "excessive" and constitutes "too severe a punishment."  As presented, Appellant's issue challenges the discretionary aspects of sentencing.  **See Commonwealth v. Lutes**, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right.  **Commonwealth v. Sierra**, 752 A.2d 910 (Pa.Super. 2000).  Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **See** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **See** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant

must invoke the appellate court's jurisdiction by including in the brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). The concise statement must indicate "where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates." *Commonwealth v. Kiesel*, 854 A.2d 530, 532 (Pa.Super. 2004) (quoting *Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa.Super. 2000), *appeal denied,* 563 Pa. 672, 759 A.2d 920 (2000)).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Anderson*, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912-13. A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. *Mouzon, supra* at 435, 812 A.2d at 627. On the other hand, a bald assertion of sentence excessiveness does

not raise a substantial question. ***Commonwealth v. Trippett***, 932 A.2d 188 (Pa.Super. 2007). Furthermore, even in the context of ***Anders***, the appellant waives his challenge to the discretionary aspects of sentencing when he fails to preserve the issue in a timely post-sentence motion. ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*).

Instantly, the court sentenced Appellant to nine to twenty-three months on June 4, 2015. Between June 4, 2015 and June 10, 2015, Appellant submitted various *pro se* motions and filings. None of Appellant's *pro se* filings challenged the discretionary aspects of sentencing. Appellant's failure to preserve his sentencing claim in any post-sentence motion constitutes waiver of the claim on appeal. ***See id.***; ***Evans, supra***.

Moreover, even if Appellant had properly preserved his sentencing claim, as presented it fails to raise a substantial question. Appellant merely offers a bald claim of excessiveness without specific reasons for his contention. ***See Trippett, supra***. Further, the court reasoned as follows when it imposed Appellant's sentence:

> [I]n sentencing someone such as [Appellant], the court has to consider the sentencing guidelines, which we all talked about. And then I have to balance, I have to consider all the factors in our Sentencing Code and balance the background, character and circumstances of [Appellant] with the circumstances of the crime, whether there is a need to incarcerate him to prevent future offenses by him. And I have to consider the possibility of rehabilitation. Furthermore, I have to follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates on the impact

of the life of the victim, as well as on the community. And I must consider and address [Appellant's] rehabilitative needs.

Having said all that, it's very easy for me to go in the aggravated range. It would be very easy for me to go into the mitigated range. But to me, the very top of the standard [range] is required because of a variety of reasons. One, the consistent violations of the law over the last, you know, nine years or so, all involving the same behavior. I'm sure there's a mental health problem that's prompting this behavior. But still, [there are] many people who are diagnosed with schizophrenia and depression and many other ailments who see their psychiatrist, take their medicine and live very productive lives. And you know that.

\* \* \*

You're not going to leave the court much [choice]. Quite honestly, the SCI Waymark, that's a prison that's very good with treating psychological and psychiatric disorders. So I could easily aggravate and sent you upstate so you could get the mental health treatment that I think you need. I think you know you need it. We want to stop this slippage and right the ship and get you back and productive in the community.

The reason I'm going to give you the sentence I am as well is because I believe I want the probation department to verify where you're going to be living before you're just released, like walking out of here tonight as your lawyer is asking me to do. I want them to verify that. And I want them to contact the [Veterans Administration] to make sure you are available for mental health treatment and sex offender treatment that I'm going to so order at the request of the Commonwealth, which I think you need.

\* \* \*

I thought the recommendation of the Commonwealth is sound, especially since [Appellant has] been doing this for a number of times. He's just got to stop. … People go to the library, you know, they expect to be able to have

> peace and quiet, like you, but not to be exposed to such rude behavior. It's rude. It's foul. It's not right. And you know better. I considered your service to this country in fashioning this sentence.

(N.T. Sentencing, 6/4/15, at 185-190). At sentencing, the court considered all relevant sentencing factors, including Appellant's other offenses in similar settings and his military service. The court imposed a standard range sentence and put its reasons for Appellant's sentence on the record. Therefore, even if Appellant had properly preserved his sentencing claim, it would merit no relief. *See Anderson, supra*; *Sierra, supra*. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2016